1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# FIRST AMENDED COMPLAINT

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Goldkorn v Perseverance - Notice of Removal

EXHIBITS TO NOTICE OF REMOVAL

JEFF A. HARRISON (SBN 151227)
JHarrison@metzharrison.com
SARA PEZESHKPOUR (SBN 260240)
SPez@metzharrison.com
**METZ & HARRISON, LLP**
139 Richmond Street
El Segundo, CA 90245
Tel: (310) 648-8755
Fax: (310) 648-8734

CHRISTOPHER H. KNAUF (SBN 185180)
ck@drlcenter.org
ALEXANDRA M. ROBERTSON (SBN 298637)
ar@drlcenter.org
**DISABILITY RIGHTS LEGAL CENTER**
1541 Wilshire Blvd., Suite 400
Los Angeles, California 90017
Tel: (213) 736-1031
Fax: (213) 736-1428

Attorneys for Plaintiff,
RUTHEE GOLDKORN

**FILED**
Superior Court of California
County of Los Angeles
12/08/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ S. Tresvamt _____ Deputy

Electronically Received 12/08/2021 03:11 PM

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RUTHEE GOLDKORN, an individual;<br><br>        Plaintiff,<br><br>vs.<br><br>FOUR POINTS BY SHERATON LAX, the fictitious business name of RUI GAO INC., a California corporation; and NEW WYNN LI LP, a California limited partnership;<br><br>        Defendants. | Case No.: **21STCV40293**<br>Action Filed: 11/2/2021<br><br>*Hon. Michael L. Stern, Dept.62*<br><br>**Civil Rights**<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT (CAL. CIVIL CODE §51** *et seq.***) and TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12181** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RUTHEE GOLDKORN ("Ms. Goldkorn" and "Plaintiff") complains of Defendants FOUR POINTS BY SHERATON LAX, the fictitious business name of RUI GAO INC., a California corporation; and NEW WYNN LI LP, a California limited partnership (collectively, "Defendants") and alleges as follows:

## **INTRODUCTION**

1.      This is a disability discrimination case.  Plaintiff is a wheelchair user.  She alleges that, because of her disability, she was and continues to be denied full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of the Four Points by Sheraton LAX ("Sheraton LAX"), in violation of California's Unruh Civil Rights Act and Title III of the Americans with Disabilities Act ("ADA").

2.      Defendants' discriminatory conduct caused Plaintiff difficulty, discomfort, and embarrassment, and prevented and deterred Plaintiff from accessing Defendants' services, facilities, privileges, advantages, or accommodations to the same extent as, and in an equal manner to, her non-disabled peers. Plaintiff seeks injunctive relief that requires Defendants to make the Sheraton LAX accessible to individuals with mobility disabilities. Plaintiff also requests that this Court order Defendants to pay Plaintiff damages for disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce her rights under the Americans with Disabilities Act and California's civil rights laws.

## **JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action because Plaintiff's claims arise under California law. This Court has supplemental jurisdiction to adjudicate Plaintiff's claim for relief under the ADA because it is related to her California claims and arises out of a common nucleus of operative facts.

4.      Venue is proper in this Court because the real property at issue herein is located in Los Angeles County and Plaintiff's causes of action arose in Los Angeles County.

**PARTIES**

5.     Plaintiff RUTHEE GOLDKORN ("Ms. Goldkorn" or "Plaintiff") is, and at all times relevant herein was, substantially impaired in her ability to walk and reliant on a wheelchair for mobility due to multiple sclerosis, which she has lived with since approximately 1964.  Plaintiff is disabled pursuant to California law (Cal. Gov't Code §12926) and the ADA (42 U.S.C. §12102(2)).

6.     Plaintiff is informed and believes and thereupon alleges that Defendant Rui Gao Inc., a California corporation doing business as Four Points by Sheraton LAX, and New Wynn Li LP, a California limited partnership, (collectively, "Defendants"), are, or at all times relevant herein were, the owners and/or operators of the Four Points by Sheraton LAX, which is located at 9750 Airport Boulevard, Los Angeles, California 90045 (the "Hotel" or "Sheraton LAX").

7.     Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**FACTS ON WHICH ALL CLAIMS ARE BASED**

8.     Sheraton LAX is a hotel which Plaintiff is informed and believes and thereupon alleges contains approximately 541 guest rooms, an on-site business center, fitness center, outdoor pool, restaurant, and cocktail lounge, 9 meeting rooms, over 14,800 square feet of meeting and event space, among other amenities.

9.     Plaintiff is informed and believes, and thereupon alleges, that the Sheraton LAX is, and/or at all times relevant herein was, owned and/or operated by the Defendants.

10.    The Sheraton LAX is a business establishment subject to the provisions of the Unruh Civil Rights Act.  Cal. Civ. Code §51(b).

11.    The Sheraton LAX is a place of public accommodation subject to the provisions of Title III of the ADA.  42 U.S.C. §12181(7)(A).

12.    Ms. Goldkorn is physically disabled. She was diagnosed with multiple sclerosis in 1989, but has been experiencing symptoms of the disease since 1964. She uses a power wheelchair at all times for mobility.

13.    Ms. Goldkorn is informed and believes, and thereupon alleges, that the Sheraton LAX has undergone significant alterations since March 22, 1999, which on information and belief, includes but is not limited to, remodeling the existing hotel, replacing three elevators, and remodeling ground level restrooms.

14.    On or around September 11, 2019, Ms. Goldkorn arrived at the Sheraton LAX to attend the Pacific ADA Conference, which was held at the Sheraton LAX from September 12, 2019, to September 13, 2019.

15.    On or around September 11, 2019 to September 13, 2019, Ms. Goldkorn found and/or experienced significant and pervasive barriers to wheelchair access throughout the Sheraton LAX, especially in the common areas, which caused her difficulty, discomfort, and embarrassment, and were dangerous to her.

16.    On or around September 11, 2019 to September 13, 2019, Ms. Goldkorn used the lobby restroom approximately six times.

17.    On or around September 11, 2019 to September 13, 2019, during the approximately six times that Ms. Goldkorn used the lobby restroom, Ms. Goldkorn encountered several non-compliant features in the lobby restroom that raise both accessibility and safety concerns.

18.    On or around September 11, 2019 to September 13, 2019, during the approximately six times that Ms. Goldkorn used the lobby restroom, she found that the door of the accessible stall in the lobby restroom is not self-closing. To close the restroom stall door, Ms. Goldkorn had to lean down and backwards from her wheelchair to reach the bottom of the stall door to pull it towards her to close to the stall door. This was not only difficult and uncomfortable, but forced Ms. Goldkorn to

1  contort into a position that put stress on her back in order to have the privacy that hotel patrons

2  should expect.

3     19.    On or around September 11, 2019 to September 13, 2019, Ms. Goldkorn injured her

4  back when trying to use the Sheraton LAX's hotel lobby restroom because the accessible stall in the

5  lobby restroom does not have a self-closing mechanism.

6     20.    As a result of the injury Ms. Goldkorn sustained from using the Sheraton LAX's

7  non-compliant lobby restroom accessible stall on or around September 11, 2019 to September 13,

8  2019, Ms. Goldkorn had to seek medical attention and underwent physical therapy to treat her back.

9     21.    In addition to the non-compliant features that Ms. Goldkorn personally encountered

10 at the Sheraton LAX on or around September 11, 2019 to September 13, 2019, Ms. Goldkorn  is

11 informed and believes, and thereby alleges, that there are other non-compliant features throughout

12 the Sheraton LAX, including, but not limited to, the lack of appropriate accessibility signage on the

13 lobby restroom, as well as the accessible path of travel from the public right of way to the lobby

14 entrance, which: (i) is not signed; (ii) appears to have excessive running slopes; (iii) lacks handrails;

15 (iv) has drop-offs exceeding four inches with no edge protection; (v) has significant gaps and cracks;

16 and (vi) elevation changes due to deteriorated asphalt. All these above-enumerated pose a risk of

17 injury to people who use mobility aids.

18    22.    Ms. Goldkorn is informed and believes, and thereby alleges, that the route of travel

19 connecting the designated accessible parking spaces to the Sheraton LAX entrance contain

20 significant gaps, cracks, and changes in elevation due to deteriorated asphalt.

21    23.    Ms. Goldkorn is informed and believes, and thereby alleges, that the lavatories in the

22 Sheraton LAX's women's lobby restroom appear to lack sufficient knee or toe clearance rendering

23 them difficult for wheelchair users to use, and the hand sanitizer dispenser is mounted above

24 accessible reach range.

25    24.    Ms. Goldkorn is informed and believes, and thereby alleges, that there appears to be

26 no wheelchair accessible seating in the Sheraton LAX's lobby restaurant.

27    25.    Ms. Goldkorn is informed and believes, and thereby alleges, that there are several

28 non-compliant issues in the Sheraton LAX's designated accessible guest rooms, including but not

1  limited to: (i) the entrance door(s) appear to require excessive pressure to operate; (ii) the beds

2  appear to lack sufficient clear space for wheelchair lift; (iii) the writing surface(s) of the desk(s)

3  appear to be too high; and (iv) and the roll-in shower(s) lack a fold-down seat.

4        26.     Ms. Goldkorn is informed and believes, and thereby alleges, that all the designated

5  accessible rooms at the Sheraton LAX have king beds. Therefore, the Sheraton LAX does not offer

6  the same variety of accessible guest rooms as it does to the general public.

7        27.     Plaintiff is informed and believes that the aforementioned conditions fail to comply

8  with the federal ADA standards for disabled access and/or the California standards for disabled

9  access.

10        28.     The aforementioned, allegedly noncompliant conditions are not intended to be an

11  exhaustive list of the features at the Sheraton LAX for which Plaintiff seeks injunctive relief.  In this

12  lawsuit, Plaintiff is entitled to, and seeks, injunctive relief to have Defendants remediate all existing

13  barriers to wheelchair access at the Sheraton LAX, including those that Ms. Goldkorn did not

14  personally encounter and any that are not listed herein. Plaintiff will use the discovery process,

15  including expert discovery, to identify all the noncompliant conditions for which she seeks injunctive

16  relief, and will seek to amend her complaint to include all allegedly noncompliant conditions for

17  which injunctive relief is sought in this litigation.

18        29.     On or around October 28, 2020, Plaintiff, through her counsel, contacted Defendant

19  New Wynn Li, LP about her access-related concerns, and invited it to resolve this matter without

20  litigation. Plaintiff is informed and believes and thereupon alleges that, to date, Defendants have not

21  undertaken any steps to remediate barriers to wheelchair access at the Sheraton LAX, despite being

22  on notice of these conditions since at least November 2020.

23        30.     Until Defendants address the barriers to wheelchair access described herein, Plaintiff

24  will continue to suffer discrimination by being excluded and deterred from using the Sheraton

25  LAX's facilities and services and will continue to be denied full and equal access to and use of the

26  same services, facilities, privileges, advantages, and accommodations offered by Defendants to the

27  general public.

28                               **<u>CAUSES OF ACTION</u>**

1

**FIRST CAUSE OF ACTION**

2

**UNRUH CIVIL RIGHTS ACT**

3

**CAL. CIV. CODE §51 *et seq.***

4      31.     Plaintiff realleges and incorporates by reference the allegations contained in

5 Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

6      32.     The Sheraton LAX is a business establishment and, as such, must comply with the

7 provisions of the Unruh Civil Rights Act. Cal. Civ. Code §51 *et seq.*

8      33.     The Unruh Civil Rights Act guarantees, *inter alia*, that persons with disabilities are

9 entitled to full and equal accommodations, advantages, facilities, privileges, or services in all

10 business establishments of every kind whatsoever within the jurisdiction of the State of California.

11 Cal. Civ. Code §51(b).  It also provides that a violation of the ADA, or of California state

12 accessibility regulations, is a violation of the Unruh Civil Rights Act.  *Id.* at §51(f).

13      34.     Defendants have violated the Unruh Civil Rights Act by, *inter alia*, denying, or

14 aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations,

15 advantages, facilities, privileges, or services offered at the Sheraton LAX.

16      35.     Defendants have also violated the Unruh Civil Rights Act by violating Title III of the

17 ADA.

18      36.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52,

19 Plaintiff prays for judgment as set forth below. Specifically, Plaintiff is seeking injunctive relief to

20 have Defendants bring the Sheraton LAX into compliance with federal accessibility standards, and

21 damages for any ADA violations that denied Plaintiff full and equal access on one or more occasions

22 (*see* Cal. Civ. Code §§ 52, 55.56(a)).

23

24

**SECOND CAUSE OF ACTION**

25

**TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

26

**42 U.S.C. §12181 *et seq.***

27      37.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

28 allegations contained in Paragraphs 1 through 36 of this Complaint.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    7

38.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

39.     The Sheraton LAX is a place of public accommodation.  42 U.S.C. §12181(7)(A).

40.     Defendants have violated Title III of the ADA and its implementing regulations. Their discriminatory conduct includes, but is not limited to:

A.     Discriminatory exclusion from and/or denial of services, facilities, privileges, advantages, accommodations, and/or opportunities;

B.     Provision of services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

C.     Failing to design and/or construct facilities built for first occupancy after January 26, 1993, so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design;

D.     Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards; and/or

E.     Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers to wheelchair access at facilities where such removal is "readily achievable."

41.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §12188 and 42 U.S.C. §12205, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

1.     That this Court issue an injunction pursuant to Cal. Civ. Code §52 *et seq.* and/or Title III of the ADA ordering Defendants to alter the Sheraton LAX to make it readily accessible to and usable by individuals with disabilities and to modify their policies, practices, and procedures to

1  avoid further discrimination;

2      2.      That this Court award general, compensatory, and statutory damages pursuant to the

3  Unruh Civil Rights Act in an amount within the jurisdiction of this Court, and that these damages be

4  trebled according to statute, based on Plaintiff's visit to the Sheraton LAX described above where

5  she, on information and belief, encountered ADA violations that denied her full and equal access on

6  one or more occasions;

7      3.      That this Court award special and consequential damages according to proof;

8      4.      That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant

9  to Title III of the ADA, 42 U.S.C. §12205; Cal. Civ. Code §52, Cal. Civ. Code §54. and Cal. Code of

10  Civil Procedure §1021.5; and

11      5.      Such other and further relief as the Court may deem just and proper.

12

13  Dated December 8, 2021                          **METZ & HARRISON, LLP**

14

15                                          By:  _____

16                                          JEFF A. HARRISON
                                            SARA PEZESHKPOUR
17                                          Attorneys for Plaintiff, RUTHEE GOLDKORN

18

19

20

21

22

23

24

25

26

27

28                              **DEMAND FOR JURY TRIAL**

---

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                          9

1    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

2

3    Dated: December 8, 2021                    **METZ & HARRISON, LLP**

4

5                                    By:    _____

6                                           JEFF A. HARRISON
                                            SARA PEZESHKPOUR
7                                           Attorneys for Plaintiff, RUTHEE GOLDKORN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, RUTHEE GOLDKORN, am the Plaintiff in this action.

I have read the foregoing **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** FOR VIOLATIONS OF CAL. CIV. CODE §51 et seq., TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12181 et seq.), and CAL CIV. CODE §54 et seq. and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 8, 2021, at Peoria, Arizona.

_____
RUTHEE GOLDKORN